Nos. 22-11133-GG, 22-11143-GG, 22-11144-GG, 22-11145-GG (consolidated)

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al.
*Plaintiffs-Appellees*,

v.

FLORIDA SECRETARY OF STATE, et al.,
*Defendants-Appellants*.

Appeal from the U.S. District Court for the Northern District of Florida,
Nos. 4:21-cv-242, 4:21-cv-186, 4:21-cv-187, 4:21-cv-201 (Walker, C.J.)

## OPPOSITION TO CROSS-MOTION TO EXPEDITE APPEAL

Mohammad O. Jazil
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 274-1690

*Lead Counsel for Secretary Lee*

Tyler R. Green
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard,
Suite 700
Arlington, VA 22209
(703) 243-9423

*Lead Counsel for RNC & NRSC*

No. 22-11143, *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The CIP filed with Appellants' motion for an extension, as modified by Plaintiffs' combined opposition and cross-motion to expedite, is complete.

Dated: June 3, 2022

| | |
|---|---|
| */s/ Mohammad O. Jazil* | */s/ Tyler R. Green* |
| Counsel for Florida Secretary of State | Counsel for RNC and NRSC |

In their opposition to Appellants' motion for an extension, Plaintiffs ask this Court to expedite the appeal. Their request for expedition was made *44 days* after the notice of appeal, and nearly a month after this Court granted Appellants' motion for a stay. It appears to ask this Court to expedite the oral argument and decision, but not the briefing schedule. Plaintiffs did not seek Appellants' position on their cross-motion.

If Plaintiffs had asked, Appellants would have consented to the cross-motion to expedite if Plaintiffs consented to Appellants' motion for a 60-day extension on their opening brief. As explained in their motion for an extension, Appellants need more time *now* given multiple competing deadlines in other cases and a leadership transition in the Secretary of State's office. Appellants would have agreed to give up time on the back end of this case in exchange for time on the front end. They still would. They communicated this offer to Plaintiffs but could not strike a compromise.

Absent that compromise, Appellants oppose Plaintiffs' cross-motion to expedite. A panel of this Court has already stayed the decision below—meaning this Court has considered the equities and likely merits and decided that Appellants are entitled to maintain the status quo while this appeal is pending. That means Plaintiffs are *not* entitled to the district court's injunction pending appellate review. And while Plaintiffs might want this appeal to move quickly because they think the status quo disfavors them, that alone cannot be the "good cause" needed for expedition. 11th Cir. I.O.P. to FRAP 27.

1

The only "cause" that Plaintiffs offer is their speculation that this Court will issue a decision before the March 2023 municipal elections, that Plaintiffs will win the appeal, and that Appellants will ask this Court to extend its stay. That chain of events is highly speculative. And any motion to extend the stay would be decided by this Court at that time, when it has the benefit of its decision on the merits and all the relevant facts in front of it. The equitable factors that govern stays already account for Plaintiffs' fears and should be weighed if and when they ripen, not speculated about now.

Granting Plaintiffs' motion to expedite would also be unfair. In the stay proceedings, some of the Plaintiffs criticized *Appellants* for not filing a motion to expedite this appeal. *See* League Pltfs.' Opp. to Stay at 19 (criticizing Appellants for not "ask[ing] this Court to expedite the briefing schedule"). Those Plaintiffs also criticized Appellants for waiting "a full week" before filing their notice of appeal. *Id.* Yet Plaintiffs waited nearly a month after this Court granted a stay, and nearly a month and a half after this appeal was docketed, to seek expedition. And they waited to do so until they were responding to Appellants' motion for an extension, apparently as a strategy to get Appellants' motion denied. This Court should not reward such tactics. *See Shaffer v. Def. Intel. Agency*, 2011 WL 13243826, at *2 (D.D.C. Feb. 17) ("[T]he plaintiff has offered no explanation for why he waited more than a month … to move for expedited proceedings …. Thus, the plaintiff's conduct … belies any claim of urgency and warrants denial of his motion for expedited proceedings.").

This Court should deny Plaintiffs' cross-motion to expedite. Appellants do not oppose expediting this Court's argument and decision, however, if the Court will grant Appellants a 60-day extension on their opening brief.

Respectfully submitted,

 /s/ Mohammad O. Jazil
Mohammad O. Jazil
Gary V. Perko
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 274-1690 / (540) 341-8809 (fax)
mjazil@holtzmanvogel.com

Phillip M. Gordon
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
15405 John Marshall Hwy
Haymarket, VA 20169
(540) 341-8808 / (540) 341-8809 (fax)

Bradley R. McVay
  *General Counsel*
Ashley E. Davis
  *Deputy General Counsel*
Colleen E. O'Brien
  *Assistant General Counsel*
William Chappel
  *Assistant General Counsel*
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building Suite 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
(850) 245-6536 / (850) 245-6127 (fax)

*Counsel for Florida Secretary of State*

 /s/ Tyler R. Green
Tyler R. Green
Cameron T. Norris
Daniel Shapiro
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com

Benjamin J. Gibson
Daniel E. Nordby
George N. Meros Jr.
Frank A. Zacherl
Amber Stoner Nunnally
Tara R. Price
SHUTTS & BOWEN LLP
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717

*Counsel for Republican National Committee & National Republican Senatorial Committee*

3

## CERTIFICATE OF COMPLIANCE

This opposition complies with Rule 27(d)(2)(A) because it contains 575 words, excluding the parts that can be excluded. This motion also complies with Rule 32(a)(5)-(6) because it has been prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font.

Dated: June 3, 2022                     /s/ *Tyler R. Green*

## CERTIFICATE OF SERVICE

I filed this motion with the Court via ECF, which will email everyone requiring notice.

Dated: June 3, 2022                     /s/ *Tyler R. Green*